# IN THE UNITED STATES DISTRICT COURT
# OF THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | | |
|---|---|---|
| CLAUDE J. HARDWELL | § | |
| | | |
| VS. | § | CIVIL ACTION NO. 5:08cv60 |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION | § | |

## MEMORANDUM ORDER

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636. The Report of the Magistrate Judge which contains her proposed findings of fact and recommendations for the disposition of such action has been presented for consideration. Plaintiff filed objections to the Report and Recommendation. The Court conducted a *de novo* review of the Magistrate Judge's findings and conclusions.

Plaintiff objects to the Magistrate Judge's recommendation that Plaintiff's above-entitled and numbered social security cause of action be affirmed. Specifically, Plaintiff asserts the Report and Recommendation does not take into account Plaintiff's excellent work record where he worked for Ford Motor Company for 31 years. Plaintiff asserts he can never again file for Title II disability benefits because he is past his "date last insured." Plaintiff's objections at pgs. 2-3. Plaintiff further objects to the Report and Recommendation, asserting it does not properly recognize Plaintiff's medications and his diagnosis of diabetes mellitus and essential hypertension. Finally, Plaintiff objects to the Report and Recommendation, asserting it fails to consider the cross

examination of the vocational expert wherein the vocational expert testified that if there were pain and fatigue to the extent a person could not perform simple tasks, that would eliminate any jobs in the national economy.

After reviewing the transcript, the briefs of the parties, and the Report and Recommendation, the Court finds Plaintiff's objections are without merit. The Report and Recommendation not only provides that Plaintiff worked for 31 years for Ford Motor Company, but it also clearly recognizes Plaintiff's medications as well as his medical history, including the diagnoses of diabetes mellitus (Type II) and hypertension. In addition, the Magistrate Judge also outlined the complete testimony of the vocational expert, including the testimony on cross examination.

The ALJ relied on the vocational expert testimony at step four of the sequential evaluation, even though he was not required to do so. In so doing, the ALJ asked a hypothetical question to the vocational expert, namely whether an individual with a specific residual functional capacity could perform Plaintiff's past relevant work as a supervisor. The ALJ then permitted Plaintiff's counsel the opportunity to cross-examine the witness. Plaintiff's counsel was able to elicit favorable testimony from the vocational expert by asking her to assume impairments that the ALJ properly deemed unsubstantiated. However, that opinion based on assumptions not accepted by the ALJ was not binding on him. *Gay v. Sullivan*, 986 F.2d 1314, 1316 (5th Cir. 1993). Therefore, the ALJ properly relied on the vocational expert's testimony to find Plaintiff could perform his past relevant work.

The Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct. Therefore, the Court hereby adopts the Report of the United States Magistrate Judge as the findings and conclusions of this Court. Accordingly, it is hereby

**ORDERED** that the above-entitled Social Security action is **AFFIRMED**.

**SIGNED this 28th day of August, 2009.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE